UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

RYAN HERRERA,

    Plaintiff,

v.

MEDNAX, INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RYAN HERRERA, by and through his undersigned counsel, sues the Defendant, MEDNAX, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MR. HERRERA under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008 ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), and to redress injuries done to him by the Defendant, MEDNAX, INC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

1

4. At the relevant time, Plaintiff was a homosexual, disabled man, and, as such, Plaintiff is a member of a protected class under the ADA, Title VII, and Chapter 760 because the terms, conditions, and privileges of his employment were altered because of his gender and disability.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on July 17, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. Defendant hired Plaintiff as a representative in patient account support in August 2016. The Defendant held that position until November 2017. From November 2017 to February 2018, the Defendant worked as a Provider Enrollment Associate until his constructive termination on February 19, 2018.

12. As a Provider Enrollment Associate, Plaintiff's primary duties and responsibilities included filling out applications for clinicians, verifying credentialing information, and corresponding with clinicians, the Director of Operations, and health insurance carrier representatives to ensure timely processing of clinician enrollment.

13. Plaintiff was qualified for his various positions, with the last being, Provider Enrollment Associate, based on his experience and training.

14. The Defendant was aware that the Plaintiff was a homosexual man and had a disability and this caused the Defendant to discriminate against him and harass him to a point where he had to go under the care of a psychologist and psychiatrist.

15. The Plaintiff's supervisor, Ms. Amalia Suriano, referred to the Plaintiff and his partner as a "faggot" and a "pussy" and on several occasions said that the Plaintiff's pants were "too tight."

16. Ms. Suriano regularly mocked the Plaintiff's mental health condition, made comments to other employees about the Plaintiff's condition, his medication, and his "sensitivity." She publicly berated him for his mental health condition, called his condition "bullshit," and cursed and screamed at him, thereby further exacerbating his mental health condition.

17. The Defendant discriminated against Plaintiff by failing to provide guidance and/or training while Defendant freely provided guidance and training to employees who were not members of the same protected classes as Plaintiff

18. The Defendant applied its policies in a discriminatory manner by penalizing Plaintiff for something that was not a policy at the time of Plaintiff's action, creating the policy after the fact, and then retroactively penalizing the Plaintiff for violation of a policy that was not in place when he took a particular action.

19. The Plaintiff verbally reported the discrimination to Defendant on many occasions but Defendant failed to take any action.

20. On August 3, 2017, the Plaintiff sent an email to Ms. Carahan regarding Ms. Suriano's discrimination against Plaintiff and his partner, who was also an employee Ms. Carahan responded that Arthur Myers, Director for the Defendant, knew what was going on and would address his concerns. Once again, Defendant failed to take any action.

21. In September 2017, the Plaintiff met with Ms. Carahan's supervisor, Sandra DiSalvo, and provided her with reports demonstrating that Ms. Suriano assigned work in a discriminatory manner. Ms. DiSalvo agreed that this was not appropriate but failed to take any further action to remedy the discrimination and harassment.

22. In October 2017, Ms. Suriano and Ms. Carahan met with the Plaintiff with the stated purpose of conducting his annual review. Instead, Ms. Suriano called the Plaintiff's partner a "fairy," "pussy," and "asshole." The Plaintiff objected to the discrimination. Once again, Ms. Carahan said and did nothing as she watched Ms. Suriano humiliate and discriminate against the Plaintiff.

23. After the meeting, the Plaintiff submitted another written complaint regarding the discrimination and hostile work environment created by Ms. Suriano, as well as the fact that Ms. Suriano repeatedly publicized his disability-related health information.

24. Days after Plaintiff submitted this second written complaint, Ms. Suriano escalated her harassment, making repeated derogatory comments about the Plaintiff's sexual orientation and mental health.

25. As a result of the discriminatory and hostile work environment created by Ms. Suriano, and permitted to persist by Defendant, the Plaintiff suffered significant emotional and

psychological impacts that disrupted his daily life. Consequently, the Plaintiff resigned in early October.

26. Almost immediately after the Plaintiff resigned, Mr. Myers contacted Plaintiff to ask that he return to work for Defendant and that Defendant would transfer him to a different department and increase his compensation.

27. Based on Mr. Myers' representation that he was unaware of the circumstances faced by Plaintiff, the Plaintiff agreed to return to work for Defendant the following week.

28. Unfortunately, when the Plaintiff returned to working for Defendant, his new supervisor, Ms. Sidrid Riveria, retaliated against the Plaintiff and allowed his former supervisors to continue discriminating against him.

29. Ms. Suriano frequently visited Plaintiff's new department and made remarks about Plaintiff's "sensitivity" and the "drama" that he caused.

30. Plaintiff's coworkers and new supervisor continued to discuss Plaintiff's mental health condition and sexual orientation.

31. After a few months of enduring the continued harassment and discrimination and the hostile work environment created by the Defendant, on February 19, 2018, the Plaintiff resigned.

32. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

**COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Discrimination on the Basis of Gender)**

33. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

34. Plaintiff brings this action under Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of his gender, homosexual male.

35. At all times relevant, Ms. Suriano, Ms. Carahan, Ms. DiSalvo, Ms. Riviera, and Mr. Myers were acting within the course and scope of their employment for Defendant.

36. Because Plaintiff is a homosexual man, he was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

37. Upon information and belief, similarly situated heterosexual male employees are not treated in the same manner as Defendant treated Plaintiff.

38. Upon information and belief, the Defendant takes seriously the complaints of similarly situated heterosexual male employees.

39. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, RYAN HERRERA, being discriminated against.

40. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

41. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### **COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Gender)**

42. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

43. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

44. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

45. Plaintiff is a homosexual male, and therefore a member of a protected class.

46. At all times relevant, Ms. Suriano, Ms. Carahan, Ms. DiSalvo, Ms. Riviera, and Mr. Myers were acting within the course and scope of their employment for Defendant.

47. Because Plaintiff is a homosexual man, he was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

48.

49. Upon information and belief, similarly situated heterosexual male employees are not treated in the same manner as Defendant treated Plaintiff.

50. Upon information and belief, the Defendant takes seriously the complaints of similarly situated heterosexual male employees.

51. At all relevant and material times, Defendant failed to comply with the FCRA.

52. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a homosexual man.

53. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

54. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

55. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of him being a homosexual male in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

56. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is a homosexual male, in violation of the FCRA.

57. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a homosexual man. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his sex. The discrimination on the basis of sex constitutes unlawful discrimination.

58. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, punitive damages, prejudgment and post-judgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### **COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")**
**(Discrimination on the Basis of Disability)**

59. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

60. The ADA forbids discrimination based on disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

61. Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

62. At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate

commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

63. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

64. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

65. Plaintiff was qualified for the position.

66. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

67. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

68. The Defendant's failure to communicate with the Plaintiff, denying his request for a reasonable accommodation, and failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations. Specifically, Ms. Carahan required that the Plaintiff come to work despite knowing that the Plaintiff was having a panic attack.

69. Because the Plaintiff had a disability, Defendant, through its employees, disclosed, discussed, and mocked the Plaintiff's disability and accompanying treatment.

70. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate Plaintiff; inter alia Plaintiff's disability.

71. Upon information and belief, the Defendant does not mock non-disabled employees and allows non-disabled employees to take time off if they are not feeling well.

72. As a result of Defendant's violation, Plaintiff has suffered damages.

73. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the ADA for emotional distress, liquidated damages, prejudgment and post-judgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Disability)**

74. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here, and says:

75. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

76. Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

77. At all relevant and material times, Defendant failed to comply with the FCRA.

11

78. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

79. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

80. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

81. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his disability in violation of the FCRA.

82. The Defendant's failure to communicate with the Plaintiff, denying his request for a reasonable accommodation, and failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations. Specifically, Ms. Carahan forced the Plaintiff to work despite knowing that the Plaintiff was having a panic attack.

83. Because the Plaintiff had a disability, Defendant, through its employees, disclosed, discussed, and mocked the Plaintiff's disability and accompanying treatment.

84. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate Plaintiff; inter alia Plaintiff's disability.

85. Upon information and belief, the Defendant does not mock non-disabled employees and allows non-disabled employees to take time off if they are not feeling well.

86. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his disability. The discrimination on the basis of disability constitutes unlawful discrimination.

87. As a result of Defendant's violation of the FCRA, Plaintiff has suffered damages.

88. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for emotional distress, liquidated damages, punitive damages, prejudgment and post-judgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT V: VIOLATION OF ADA
### (Retaliation)

89. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

90. Plaintiff suffered from a disability as that term is defined under the ADA.

91. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

92. Defendant is an employer as that term is defined under the ADA.

93. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against him by continuing and intensifying the discrimination to a point where the Plaintiff was constructively terminated.

94. As a result of Defendant's violation, Plaintiff has suffered damages.

95. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## COUNT VI: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

96. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

97. Plaintiff had the right to voice his grievances that he was being discriminated against.

98. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against him by continuing and intensifying the discrimination to a point where the Plaintiff was constructively terminated.

99. As a result of Defendant's action, Plaintiff has suffered damages.

100. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's constructive termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's constructive termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VII: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

101. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32 inclusive, as though same were fully re-written here.

102. Plaintiff had the right to voice his grievances that he was being discriminated against.

103. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against him by continuing and intensifying the discrimination to a point where the Plaintiff was constructively terminated.

104. As a result of Defendant's actions, Plaintiff has suffered damages

105.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's constructive termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's constructive termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of October, 2020

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff